IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NANETTE NEDD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-00562-K-BT |
| | § | |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

On October 22, 2025, this removed civil action was reassigned to District Judge Ed Kinkeade and Magistrate Judge Rebecca Rutherford. *See* Order Reassigning Case (ECF No. 12); *see also* Order Referring Case (ECF No. 15). Having reviewed the materials filed in this case, including Defendant Dallas Independent School District's (DISD) Notice of Removal (ECF No. 1), Plaintiff Nanette Nedd's Motion to Remand (ECF No. 5), Nedd's amended pleading (ECF No. 6), DISD's Motion to Dismiss (ECF No. 7), and the briefs and other materials filed in support of the parties' Motions (ECF Nos. 8, 9, 10 and 11), it is apparent that the Court lacks subject matter jurisdiction and must remand the case.

## Background

Nedd, who is represented by an attorney, initiated this action by filing her Original Petition in the 101st Judicial District Court, Dallas County, Texas, alleging DISD violated her rights under the U.S. Constitution and federal law, the Texas

1

Constitution, and the Texas Whistleblower Act. *See* Not. Removal at Ex. A-2, Pl.'s Original Pet. (ECF No. 1-3). And DISD timely removed this case to the Northern District of Texas based on federal-question jurisdiction. *See id.* ¶¶ 1–11 (ECF No. 1) (the jurisdictional allegations in the notice of removal); *id.* at ¶ 7 (ECF No. 1) (stating that removal was "based on federal-question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446").

Nedd then filed a motion to remand her case to state court, *see* Mot. Remand (ECF No. 5), and an Amended Complaint, *see* Pl. Am. Compl. (ECF No. 6). In her Motion, Nedd acknowledged that her Original Petition contained claims arising under federal law but argued that this Court should decline to exercise jurisdiction because her claims "are primarily State law claims" and the federal claims are merely "duplicative of [the] state law ones." *See* Mot. Remand at 4–5 (ECF No. 5). Nedd also asked for a "reasonable time to make revisions" if the Court determined "that the federal claims . . . should be removed in order to support remand." Nedd's Amended Complaint—filed one week later—removes all allegations related to DISD's violations of federal law. *See* Pl. Am. Compl. (ECF No. 6) (containing only state-law claims).

In its Response to the Motion to Remand (ECF No. 8), DISD acknowledges that Nedd's Amended Complaint removes all claims "arising under" federal law and the U.S. Constitution. *See* Resp. Mot. Remand at 12 (ECF No. 8). But DISD argues that the Court should nevertheless deny the motion because the Court is limited to considering only whether the plaintiff's pleading contained a basis for

federal-question jurisdiction at the time of removal.[1] *See id.* at 8–13 (citing *Barron v. Clay Cooley GMC, L.P.*, 2009 WL 1904677, at *1 (N.D. Tex. June 30, 2009) (mem. op.) for the proposition that courts "must consider the pleading that was live at the time of removal"). DISD asserts that "at the time of removal, Nedd's pleading included federal claims under 42 U.S.C. § 1983." *See id.* at 8–13. Thus, it asserts that removal was proper, and the Court should exercise supplemental jurisdiction over Nedd's remaining state-law claims. *See id.* at 12–13 (citing *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) for the proposition that a district court may abuse its discretion if it declines to exercise supplemental jurisdiction over remaining state-law claims after federal claims were dismissed).

## Legal Standard

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In other words, a federal court cannot hear a case unless

---

[1] DISD also argues that the Court should strike Nedd's motion for failure to comply with Judge Brown's court-specific requirements, including failure to include a certificate of word count following the signature block. *See* Resp. Mot. Remand at 6-8 (ECF No. 8) (citing Procedures for Cases Assigned to District Judge Ada Brown and Standing Order, U.S. DIST. CT. FOR THE N. DIST. OF TEX., https://www.txnd.uscourts.gov/judge/judge-ada-brown). As Judge Brown herself declined to strike Nedd's motion before the case was transferred to Judge Kinkeade, the Court should decline to strike the motion as a sanction for violating Judge Brown's requirements.

there is federal subject matter jurisdiction. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Subject matter jurisdiction can be either "original" or "supplemental." *See* 28 U.S.C. §§ 1331, 1332(a), 1367.

Federal district courts have "original" federal subject matter jurisdiction over two types of cases:

> (1)  cases that arise under federal law (federal-question jurisdiction), and
>
> (2)  cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties (diversity jurisdiction).

*See* 28 U.S.C. §§ 1331 (federal-question jurisdiction) and 1332(a) (diversity jurisdiction); *see also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437–438 (2019). If a federal court has original jurisdiction over a case, the court may also have "supplemental jurisdiction" over additional claims (such as state-law claims) that are not technically within the court's original jurisdiction, but which are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. § 1367.

If an action filed in state court is one that could have originally been filed in federal court—i.e. under either federal-question or diversity jurisdiction—then removal to federal court may be permissible. *See* 28 U.S.C. § 1441(a). And generally, removal based on federal-question jurisdiction is permissible when a federal question is present "on the face of plaintiff's well-pleaded complaint." *See, e.g.*, *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474–475 (citing *Gully v.*

*First Nat. Bank in Meridian,* 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.")).

Until recently, the rule in this Circuit was that jurisdictional facts were established by the plaintiff's pleading *at the time of removal*, and "once a case [was] properly removed [based on federal-question jurisdiction], the district court retains jurisdiction *even if* the federal claims are later dropped or dismissed." *See, e.g.*, *Spear Marketing, Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015); *Louisiana v. Am. Nat. Prop. & Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014); *Lone Star OB/GYN Assocs. v. Aetna Health Inc.,* 579 F.3d 525, 528 (5th Cir. 2009) ("Once the case is removed, a plaintiff's voluntary amendment to a complaint will not necessarily defeat federal jurisdiction . . .."); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995) (holding that a plaintiff may not amend away the basis for federal jurisdiction to defeat removal).

But in January of this year, the United States Supreme Court held otherwise, ruling that a plaintiff's post-removal amendment may completely divest a federal court of subject matter jurisdiction and require remand to state court. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). In *Royal Canin*, the Supreme Court reaffirmed that the plaintiff is "the master of the complaint" and therefore "gets to determine what substantive claims to bring against which Defendant. And in doing so, she can establish—or not—the basis for the federal

5

court's subject-matter jurisdiction." *See Royal Canin*, 604 U.S. at 35. Indeed, now, "[w]hen a plaintiff amends her complaint following removal, a federal court's jurisdiction depends on what the new complaint says. If . . . the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves." *See id.* at 30–31, 39 (Also noting that "[w]ith the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims."); *See also Miles v. LSG Sky Chefs Inc.*, 2025 WL 2100659, at *1 (N.D. Tex. July 2, 2025) (Horan, J.), rec. adopted, 2025 WL 2099211 (N.D. Tex. July 25, 2025) (Brown, J.). In the above situation, the court *must* remand the case to state court. *See Royal Canin*, 604 U.S. at 39 (emphasis added); *see also* 28 U.S.C. § 1447(c) ("[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction [of a removed case], the case shall be remanded.").

Additionally, due to the strict federalism concerns raised by removal, any doubts concerning removal must be resolved against removal and in favor of remand. *Baylor Univ. Med. Ctr. v. Ark. Blue Cross Blue Shield*, 331 F. Supp. 2d 502, 508 (N.D. Tex. 2004) (quotation marks and citations omitted).

## Analysis

At the time of removal, the allegations in Nedd's Original Petition provided a good-faith basis to remove this case to federal court based on federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a). *See* Not. Removal at Ex. A-2, Pl.'s Original Pet. (ECF No. 1-3) (alleging violations of the "Equal Protection, Due

Process, and Free Speech Rights Guaranteed by the U.S. Constitution (U.S. First Amendment and enforced via 42 U.S.C. § 1983)."); *see id.* at ¶ 3 (alleging that "[j]urisdiction and venue are proper in the District Court of Dallas County, Texas based upon state statutory and concurrent Federal jurisdiction including but not limited to §28 U.S.C.S. 1331, § 28 U.S.C.S. § 28 U.S.C.S. § 1343(a)(4) in the interpretation of 42 U.S.C. §§2000(e) et seq. and 42 U.S.C. § 1981 and 42 U.S.C. § 1981a, 28 U.S.C. § 1331, 42 U.S.C. § 1983. . . ."); *see also Taylor v. Cnty. of Copiah*, 937 F. Supp. 573, 574–75 (S.D. Miss. 1994), *aff'd sub nom.*, 51 F.3d 1042 (5th Cir. 1995) ("Inasmuch as [plaintiff] claims that he was deprived of his rights under the Fifth and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1983, this court has jurisdiction over this cause of action pursuant to federal-question and civil rights jurisdiction, 28 U.S.C. §§ 1331, 1343.").

However, Nedd's Amended Complaint (ECF No. 6)—filed post-removal—abandoned all the federal claims that provided a basis for DISD to remove the lawsuit to this Court.[2] *See* Pl. Am. Compl. (ECF No. 6). Thus, just as the plaintiff in *Royal Canin*, Nedd has "reconfigured her suit to make it only about state law. And so the suit became one for a state court." *See Royal Canin* 604 U.S. at 44. Indeed, "[h]er deletion of all federal claims deprive[s] [this Court] of federal-question

---

[2] Nedd did not seek leave to amend her pleadings prior to filing her Amended Complaint. *See* Fed. R. Civ. P. 15 (permitting one amendment as a matter of course and other amendments with the court's leave "when justice so requires"). However, DISD was aware that Nedd intended to amend to remove her federal claims, *see* App. 001–003 (ECF No. 9), and did not object. And, in any event, the Court likely would have granted any request for leave to amend under Rule 15.

jurisdiction." *See id.* at 39. And without any "federal anchor" the Court lacks supplemental jurisdiction over Nedd's remaining state-law claims. *Id.* ("And with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well."). Accordingly, because this Court now lacks jurisdiction over Nedd's claims, it has no option other than to remand the case to state court. *See id.* ("The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started.").

## Recommendation

For the reasons stated, the Court should **REMAND** this case to the state court from which it was removed.

**SO RECOMMENDED**.

November 3, 2025.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).